OPINION OF THE COURT
William J. Garry, J.
Petitioner moves by show cause for an order:
*621 (1) declaring insufficient, defective, invalid, null and void and of no force and effect the certificate of nomination filed with the New York City Board of Elections on September 16, 1997, purporting to nominate respondent candidate Vito Fossella, as the candidate of the Freedom Party for the public office of Representative in Congress, 13th Congressional District, at the general election to be held on November 4, 1997;
(2) declaring insufficient, defective, invalid, null and void and of no force and effect any purported nomination made by respondents Cheryl Buley and the Freedom Party; and
(3) enjoining and restraining the said New York City Board of Elections from printing, issuing or distributing for use during the said general elections any official ballots upon which the name of the respondent Vito Fossella appears as the candidate of the Freedom Party for the public office of Representative in Congress from the 13th Congressional District, New York State, in the general election to be held on November 4, 1997.
On September 16, 1997 a certificate of nomination and authorization was filed with the New York City Board of Elections nominating Vito Fossella as the candidate of the Freedom Party for the public office of Representative in Congress for the 13th Congressional District in the State of New York in the general election to be held on November 4, 1997. The certificate in question was signed by respondent, Cheryl Buley as chairwoman, presiding officer and secretary of the Freedom Party. At issue is the validity of said certificate and Ms. Buley’s authority to nominate by certificate on September 10, 1997 on behalf of the Freedom Party.
In support of his applications petitioner contends that said nomination is void because the Freedom Party in violation of the Election Law never organized after achieving "party” status. Petitioner further contends that said nomination was invalid because Cheryl Buley as chair lacked the power to nominate in 1997. Petitioner also contends that the Freedom Party is nothing more than a sham and a front for the Republican Party as an extra ballot line of convenience. Respondents, Cheryl Buley and the Freedom Party, in opposition to petitioner’s applications contend they are validly operating pursuant to party rules which should govern absent any inconsistent statutory directives. The Freedom Party contends that Cheryl Buley as a "holdover” chairwoman in 1997 was duly empowered and properly executed her authority to nominate and authorize Vito Fossella as their candidate pursu *622 ant to party rules even though they never organized in 1996. The Freedom Party further contends that the petition should be dismissed upon the doctrine of laches and that any adverse ruling must- be confined to the nominating certificate of respondent candidate. Respondent Vito Fossella, in opposition to the petition, raised multiple affirmative defenses. Respondent New York State Board of Elections appeared and took no position on petitioner’s applications. Respondent New York City Board of Elections failed to appear.
In deciding these applications the court has considered the moving papers, oral argument, any memoranda of law submitted by the parties and the court exhibits included in the County Clerk file.
In 1994, an independent body known as Tax Cut Now nominated George E. Pataki for Governor. At the general election held on November 8, 1994 Mr. Pataki received greater then 50,000 votes on the Tax Cut Now line entitling said political organization to become a "party” pursuant to Election Law § 1-104 (3). According to respondent, Freedom Party, on February 7, 1995 a document (hereinafter called the alleged party rules) was filed on behalf of the Tax Cut Now Party with the State Board of Elections which purportedly contained party rules, a change of name to the Freedom Party and a change of the party emblem to an apple from a circle around the word tax with a diagonal line running from the top left to the bottom right. The alleged party rules as filed provided that during the calendar year of 1995 the affairs of the "party” be regulated and conducted by an Interim Committee in anticipation of the election of the first State Committee in 1996. On December 30, 1995 the Interim Committee appointed Cheryl Buley to the position of State chair with the power to conduct party affairs until a State Committee was elected. In 1996 it is uncontroverted that the alleged Freedom Party did not file a party call with the Board of Elections pursuant to Election Law § 2-120. In 1996 no enrolled member of the alleged Freedom Party ran for State Committee in the primary election. In 1997 Ms. Buley signed the certification of nomination in question herein.
Once "party” status has been achieved, a political organization must timely act to organize and to do business. Article 2 of the Election Law provides the time frames and mechanisms required for party organization. Election Law § 2-102 provides for the creation of a State Committee by election. Election Law § 2-106 provides for the election of State Committeepersons at *623 a primary election. Once elected the State Committee must meet and organize for the purpose of adopting rules and electing officers (Election Law §§ 2-112, 2-114). It is uncontroverted that after achieving "party” status, no enrolled member of the alleged Freedom Party ran for or was elected to the party position of State Committee in any primary election. Since no State Committee was elected, there could be no organizational meeting and the alleged Freedom Party more properly referred to as the Tax Cut Now Party as required by article 2 of the Election Law is presently not organized to do business. The court notes that because new parties do not have enrolled members, Election Law § 6-128 provides a one-year provisional mechanism for the purpose of nominations which may be employed by a political organization in the first year after achieving "party” status. As relevant, Election Law § 6-128 (4) recognizes as the only identifiable body of individuals affiliated with a new party its slate of State-wide candidates and grants to a majority of that body and it alone the authority to adopt and certify rules (Matter of Independence Party v Board of Elections, 213 AD2d 209, lv denied 85 NY2d 867). A review of the official ballot for the general election of November 8, 1994 indicates that George E. Pataki, Elizabeth McCaughey and Herbert I. London constituted the entire slate of State-wide candidates for the Tax Cut Now Party. A review of the alleged party rules supposedly filed on February 7, 1995 indicates no signature or authorization by a majority of the State-wide slate. In addition, in each of the two copies of the alleged party rules as supplied by the litigants, two dates stamped as received by the State Board of Elections appear on said exhibit the first date being January 30, 1995 and the second date being February 21, 1995. "What makes these two dates even more interesting is the fact that on February 7, 1995 a letter was sent to the State Board of Elections by Thomas Reynolds as a member of the Interim Committee for the Tax Cut Now Party. Said letter purports to file party rules, and change the name and emblem of the party. According to the alleged party rules the Interim Committee consisted of the members of the Committee on Vacancies from the nominating petition filed by the Tax Cut Now Party with the State Board of Elections during August of 1994, but the Committee on Vacancies went out of business long before February 7, 1995. The only body authorized to adopt and certify rules on February 7, 1995 was a majority of the State-wide slate of the Tax Cut Now Party from November of 1994 (Matter of Inde *624 pendence Party v Board of Elections, 213 AD2d 209, lv denied 85 NY2d 867, supra). Respondent, Freedom Party, had offered no proof as to how a body which has gone out of business, i.e., the former Committee on Vacancies (and now called the Interim Committee) can conduct party business by FIAT without the party first organizing or complying with the mandate of article 2 of the Election Law. In addition, only a State Committee of a party can select a new name and emblem to distinguish the candidates of a party (Election Law § 2-124). On February 21, 1995 the Interim Committee of the Freedom Party (as they called themselves by their own certificate) filed with the State Board of Elections a certificate purporting to rename themselves the Freedom Party and change their emblem to an apple. A report of the Deputy Counsel of the New York State Board of Elections shows a review of the State Board minutes from November of 1994 to April of 1995 reveals no record of any discussion of the use of the Freedom Party name by the Tax Cut Now Party. It is also interesting to note that respondent, Freedom Party (more properly called the Tax Cut Now Party), was enjoined in 1995 from using the Freedom Party name by Judge Scullin while sitting in the United States District Court for the Northern District of New York (see, Freedom Party v New York State Bd. of Elections, 77 F3d 660). On March 10, 1995 Judge Scullin preliminarily enjoined the State Board from placing the name of any Tax Cut Now Party candidate for a special election scheduled for March 14, 1995 in the 68th Assembly District onto the ballot under the name Freedom Party. Without organization in accordance with article 2 of the Election Law the alleged Interim Committee, Freedom Party and in particular Ms. Buley have no authority to conduct party business or file the purported certificate of nomination. Although recognized, the Tax Cut Now Party is presently not authorized to do any other business other than organize in compliance with the Election Law.
The Freedom Party’s contention that Ms. Buley is empowered to make nominations, authorizations and to conduct all of their affairs until such time as the State Committee is elected is in contradiction of their own alleged party rules and a clear violation of article 2 of the Election Law. To allow such a result would permit nonauthorized parties to perpetrate a fraud on the duly enrolled members of the Tax Cut Now Party and to continue in perpetuity without ever electing party officials or complying with the mandatory organizational provisions of article 2. Having concluded that the Freedom Party does not *625 presently exist and that the Tax Cut Now Party is not presently organized the certificate of nomination for Vito Fossella as candidate of the Freedom Party for Representative in the 13th Congressional District is null and void.
The court has considered the affirmative defenses contained in the answer of Vito Fossella and finds them to be of no legal significance or without merit. The court also rejects any objection by Mr. Fossella as to an alleged lack of service upon him of any memoranda of law as directed by the court especially since Mr. Fossella’s answer in this case refers to a different petition, a defect this court deemed as a minor irregularity.
The petition is granted and the Board of Elections in the City of New York is directed to remove from the ballot the name of Vito Fossella on the Freedom Party line only as a candidate for the public office of Representative in Congress for the 13th Congressional District in the State of New York.